SEARS, ROEBUCK & CO., APPELLEE, *v.* FRANKLIN COUNTY BOARD OF REVISION; BOARD OF EDUCATION OF THE CITY OF COLUMBUS SCHOOL DISTRICT, APPELLANT.

[Cite as *Sears, Roebuck & Co. v. Franklin Cty. Bd. of Revision* (1991), 62 Ohio St.3d 156.]

(No. 90–2373—Submitted September 13, 1991—Decided December 4, 1991.)

*Fred Siegel Co., L.P.A., Fred Siegel, Karen H. Bauernschmidt, Todd W. Sleggs* and *Robin J. Levine,* for appellee.

*Teaford, Rich, Belskis, Coffman & Wheeler* and *Jeffrey A. Rich,* for appellant.

*Per Curiam.* For the reasons that follow, we find that the BTA decision was reasonable and lawful.

Although the BOE argued at the BTA hearing, and in its briefs filed here, that voluntary dismissal of the appeal was ineffective because notice was not served on the opposing party and did not contain a certificate of service, the issues raised in its notice of appeal to this court are more limited. The BOE asserted only that the appeal to the BTA from the board of revision cannot be dismissed over the objection of the BOE, since the dismissal will operate to prejudice a party which had obtained an appraiser, was ready to proceed with the hearing, and was seeking an increase in the value of property.

Sears contends that the BOE had the opportunity to challenge the board of revision's determination of valuation by filing an appeal with the BTA, but failed to do so. It also maintains that, under an administrative rule of the BTA, a voluntary dismissal was available to Sears without the approval of the BTA or the BOE.

Ohio Adm.Code 5717-1-16 provided, at all times pertinent hereto:

"The appellant may voluntarily dismiss an appeal by filing a notice of dismissal at any time before the commencement of the hearing. * * * The board shall journalize an order giving effect to the notice of dismissal."

At the BTA hearing, the attorney examiner took up the issue of voluntary dismissal preliminary to the commencement of the hearing. The attorney examiner specifically found that Sears had sent the BTA written notice of dismissal of case No. 89–C–845. Thus, the decision of the BTA ordering the appeal to be dismissed was in conformity with the administrative rule.

*Cincinnati v. Budget Comm. of Hamilton Cty.* (1988), 35 Ohio St.3d 252, 520 N.E.2d 232, similarly involved a voluntary dismissal by an appellant under Ohio Adm.Code 5717–1–41(A), predecessor to Ohio Adm.Code 5717–1–16. There, a party, dissatisfied with the findings of the budget commission, failed to file a notice of appeal but attempted to actively participate before the BTA. We held:

" * * * Since it did not file a timely appeal, the county may not require the BTA to review its assigned errors when the only party that had properly perfected an appeal dismissed it." (Footnote omitted.) *Id.* at 254, 520 N.E.2d at 234.

Accordingly, the decision of the BTA is neither unreasonable nor unlawful and it is hereby affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., dissents.