**GATES MILLS CLUB DEVELOPMENT COMPANY, APPELLEE, *v*. CUYAHOGA COUNTY BOARD OF REVISION ET AL.; MAYFIELD HEIGHTS BOARD OF EDUCATION, APPELLANT.**

[Cite as *Gates Mills Club Dev. Co. v. Cuyahoga Cty. Bd. of Revision* (1992), 64 Ohio St.3d 198.]

*Taxation — Board of Tax Appeals does not abuse its discretion in not waiving Ohio Adm.Code 5717-1-16, which permits voluntary dismissals of appeals to the board before commencement of the hearing.*

(No. 91-1257 — Submitted March 26, 1992 — Decided July 22, 1992.)

APPEAL from the Board of Tax Appeals, No. 90-H-465.

*Per Curiam.* This appeal involves a procedural issue. Gates Mills Club Development Co. ("Gates Mills") and the Mayfield Heights Board of Education ("Mayfield") both filed complaints with the Cuyahoga County Board of Revision contesting the auditor's valuation of property owned by Gates Mills, which it operated as a congregate care facility in Cuyahoga County ("subject property"). In correspondence to the board of revision, counsel for Gates Mills represented that the rent charged included one meal per day per resident and that the actual rents were not fair market rents but were subsidized by HUD. The board of revision decreased the fair market valuation of the subject property, but by less than what Gates Mills had requested. Gates Mills appealed to the Board of Tax Appeals ("BTA"). Mayfield did not appeal. Subsequently, Gates Mills requested dismissal of its appeal. In opposing this request, Mayfield submitted an affidavit claiming that it had only recently learned that Gates Mills had submitted false information to the board of revision. According to the affidavit, counsel for Gates Mills had admitted that he had been mistaken in representing that rents were

subsidized and included meals. The BTA granted the request by Gates Mills and dismissed the appeal.

In its appeal to this court Mayfield contends that the BTA erred in dismissing the appeal over Mayfield's objection which it based upon recently discovered material and misleading misrepresentations by Gates Mills' counsel.

The cause is before this court upon an appeal as of right.

The decision of the BTA was neither unreasonable nor unlawful and it is affirmed.

Mayfield claims that the BTA abused its discretion in not waiving the administrative rule permitting voluntary dismissals and that the rule cannot be applied without regard to the underlying circumstances relative to material misrepresentation. Mayfield argues that in these circumstances fundamental fairness requires the BTA to make a *de novo* valuation of the property. Gates Mills contends that Ohio Adm.Code 5717-1-16 permits a voluntary dismissal and nothing presented by Mayfield prohibits it.

Mayfield could have appealed if it was dissatisfied with the determination of value by the board of revision, but did not do so. Such an appeal would have protected it against the unilateral withdrawal of an appeal by locking in the jurisdiction of the BTA to determine valuation.

Ohio Adm.Code 5717-1-16 provides:

"The appellant may voluntarily dismiss an appeal by filing a notice of dismissal at any time before the commencement of the hearing. The notice of dismissal is with prejudice. The board shall journalize an order giving effect to the notice of dismissal."

In *Sears, Roebuck & Co. v. Franklin Cty. Bd. of Revision* (1991), 62 Ohio St.3d 156, 580 N.E.2d 775, we applied Ohio Adm.Code 5717-1-16 over the objections of the appellant that the dismissal would "operate to prejudice a party which had obtained an appraiser, was ready to proceed with the hearing, and was

2

seeking an increase in the value of the property," *id*., at 157, 580 N.E.2d 776, but had failed to file an appeal from the board of revision's valuation determination. In that case, we approved the BTA's dismissal of an appeal.

Mayfield had the opportunity to indicate its disagreement with the valuation determined by the board of revision in at least two ways: (1) it could have challenged Gates Mills' counsel's representations about meals and rents, and (2) it could have filed a notice of appeal with the BTA contesting the reduction in valuation of the subject property. It did neither.

The decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES and WRIGHT, JJ., concur.

DOUGLAS, H. BROWN and RESNICK, JJ., dissent.

**DOUGLAS, J., dissenting**. I respectfully dissent. The judgment rendered by the majority honors form over substance.

It appears to be conceded that appellee Gates Mills had mistakenly (falsely) represented to the board of revision certain figures which materially affected the fair market valuation of the property in question. Relying on these figures, the board of revision decreased the fair market valuation of the property by over $462,000. In doing so, the board took into consideration an alleged rental decrease, as represented by appellee, of over $209,000—which rental decrease did not, in fact, exist. The same problem existed regarding the meals misrepresentation, although the record is not clear as to the sum of money involved.

When appellee was not satisfied even with the $462,000 decrease in valuation, it appealed to the BTA; and when the inaccuracies were discovered, appellee requested dismissal of its appeal. The appellant opposed the request and submitted an affidavit setting forth that the rent and meal information given to the board of revision by appellee was incorrect. The BTA permitted appellee to

3

dismiss its appeal and the majority, herein, affirms that decision despite the fact that appellee, in its brief before this court, does not deny that the tax valuation of the property was, in part, determined by using false information that it had provided.

I recognize that Ohio Adm.Code 5717-1-16 provides that:

"The appellant may voluntarily dismiss an appeal by filing a notice of dismissal at any time before the commencement of the hearing. * * * The board shall journalize an order giving effect to the notice of dismissal."

Statutes must be interpreted so as to avoid unreasonable or absurd consequences. *Gulf Oil Corp. v. Kosydar* (1975), 44 Ohio St.2d 208, 73 O.O.2d 507, 339 N.E.2d 820. The rules of an administrative agency should likewise be so interpreted. Appellee's appeal was pending in the BTA when the misrepresentations were discovered. This court should vest discretion in the BTA to reasonably construe the rules governing its operation. This court, by permitting appellee to strategically use the rule to its advantage, negates the power of the BTA to determine the true value of the property by considering evidence that is full, complete and accurate rather than that based upon misrepresentations.

I would, pursuant to our scope of review, find the decision of the BTA to be unreasonable. I would reverse the decision of the BTA and remand the cause to it for a *de novo* review. Because the majority reaches a different conclusion, I must respectfully dissent.

H. BROWN and RESNICK, JJ., concur in the foregoing dissenting opinion.

_____

*Fred Siegel Co., L.P.A., Fred Siegel, Karen Bauernschmidt* and *Todd W. Sleggs*, for appellee.

*Kelley, McCann & Livingstone, Fred J. Livingstone, Mark J. Valponi* and *Robert A. Brindza*, for appellant.

_____

4