GATES MILLS CLUB DEVELOPMENT COMPANY, APPELLEE, *v.* CUYAHOGA
COUNTY BOARD OF REVISION ET AL.; MAYFIELD HEIGHTS BOARD
OF EDUCATION, APPELLANT.

[Cite as *Gates Mills Club Dev. Co. v. Cuyahoga Cty.
Bd. of Revision* (1992), 64 Ohio St.3d 198.]

(No. 91–1257—Submitted March 26, 1992—Decided July 22, 1992.)

*Fred Siegel Co., L.P.A., Fred Siegel, Karen Bauernschmidt* and *Todd W. Sleggs,* for appellee.

*Kelley, McCann & Livingstone, Fred J. Livingstone, Mark J. Valponi* and *Robert A. Brindza,* for appellant.

*Per Curiam.* The decision of the BTA was neither unreasonable nor unlawful and it is affirmed.

Mayfield claims that the BTA abused its discretion in not waiving the administrative rule permitting voluntary dismissals and that the rule cannot be applied without regard to the underlying circumstances relative to material misrepresentation. Mayfield argues that in these circumstances fundamental fairness requires the BTA to make a *de novo* valuation of the property. Gates Mills contends that Ohio Adm.Code 5717–1–16 permits a voluntary dismissal and nothing presented by Mayfield prohibits it.

Mayfield could have appealed if it was dissatisfied with the determination of value by the board of revision, but did not do so. Such an appeal would have

protected it against the unilateral withdrawal of an appeal by locking in the jurisdiction of the BTA to determine valuation.

Ohio Adm.Code 5717–1–16 provides:

"The appellant may voluntarily dismiss an appeal by filing a notice of dismissal at any time before the commencement of the hearing. The notice of dismissal is with prejudice. The board shall journalize an order giving effect to the notice of dismissal."

In *Sears, Roebuck & Co. v. Franklin Cty. Bd. of Revision* (1991), 62 Ohio St.3d 156, 580 N.E.2d 775, we applied Ohio Adm.Code 5717–1–16 over the objections of the appellant that the dismissal would "operate to prejudice a party which had obtained an appraiser, was ready to proceed with the hearing, and was seeking an increase in the value of the property," *id.*, 62 Ohio St.3d at 157, 580 N.E.2d at 776, but had failed to file an appeal from the board of revision's valuation determination. In that case, we approved the BTA's dismissal of an appeal.

Mayfield had the opportunity to indicate its disagreement with the valuation determined by the board of revision in at least two ways: (1) it could have challenged Gates Mills' counsel's representations about meals and rents, and (2) it could have filed a notice of appeal with the BTA contesting the reduction in valuation of the subject property. It did neither.

The decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES and WRIGHT, JJ., concur.

DOUGLAS, H. BROWN and RESNICK, JJ., dissent.

DOUGLAS, J., dissenting. I respectfully dissent. The judgment rendered by the majority honors form over substance.

It appears to be conceded that appellee Gates Mills had mistakenly (falsely) represented to the board of revision certain figures which materially affected the fair market valuation of the property in question. Relying on these figures, the board of revision decreased the fair market valuation of the property by over $462,000. In doing so, the board took into consideration an alleged rental decrease, as represented by appellee, of over $209,000—which rental decrease did not, in fact, exist. The same problem existed regarding the meals misrepresentation, although the record is not clear as to the sum of money involved.

When appellee was not satisfied even with the $462,000 decrease in valuation, it appealed to the BTA; and when the inaccuracies were discovered, appellee requested dismissal of its appeal. The appellant opposed the request and submitted an affidavit setting forth that the rent and meal information given to the board of revision by appellee was incorrect. The BTA permitted appellee to dismiss its appeal and the majority, herein, affirms that decision despite the fact that appellee, in its brief before this court, does not deny that the tax valuation of the property was, in part, determined by using false information that it had provided.

I recognize that Ohio Adm.Code 5717–1–16 provides that:

"The appellant may voluntarily dismiss an appeal by filing a notice of dismissal at any time before the commencement of the hearing. * * * The board shall journalize an order giving effect to the notice of dismissal."

Statutes must be interpreted so as to avoid unreasonable or absurd consequences. *Gulf Oil Corp. v. Kosydar* (1975), 44 Ohio St.2d 208, 73 O.O.2d 507, 339 N.E.2d 820. The rules of an administrative agency should likewise be so interpreted. Appellee's appeal was pending in the BTA when the misrepresentations were discovered. This court should vest discretion in the BTA to reasonably construe the rules governing its operation. This court, by permitting appellee to strategically use the rule to its advantage, negates the power of the BTA to determine the true value of the property by considering evidence that is full, complete and accurate rather than that based upon misrepresentations.

I would, pursuant to our scope of review, find the decision of the BTA to be unreasonable. I would reverse the decision of the BTA and remand the cause to it for a *de novo* review. Because the majority reaches a different conclusion, I must respectfully dissent.

H. Brown and Resnick, JJ., concur in the foregoing dissenting opinion.