**TREBMAL CONSTRUCTION, INC. et al., Appellants,**

**v.**

**CUYAHOGA COUNTY BOARD OF REVISION et al., Appellees.**

**FUCHS, Trustee, Appellant,**

**v.**

**CUYAHOGA COUNTY BOARD OF REVISION et al., Appellees.**

[Cite as *Trebmal Constr., Inc. v. Cuyahoga Cty.
Bd. of Revision* (1994), 94 Ohio App.3d 246.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 65027–65040, 65154, 65155 and 66109.

Decided April 11, 1994.

248

[redacted]

*Fred Siegel, Todd W. Sleggs, Steven R. Gill* and *Robert K. Danzinger,* for appellants Trebmal Construction, Inc. and Leonard Fuchs, Trustee.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *William Day,* Assistant Prosecuting Attorney, for appellees Cuyahoga County Board of Revision and Cuyahoga County Auditor.

*Timothy J. Armstrong* and *Deborah J. Papushak,* for appellee Warrensville Heights Board of Education.

AUGUST PRYATEL, Judge.

The issue presented in these consolidated appeals is whether the Board of Tax Appeals ("BTA") may permit the Cleveland Board of Education and Warrensville Heights Board of Education to dismiss their appeals to the BTA after the school boards had obtained dismissal of an opposing taxpayer's tax appeal to the court of common pleas pursuant to R.C. 5717.05 as amended.

In appellate case Nos. 65027 through 65040, taxpayer Trebmal Construction, Inc. et al. ("Trebmal") appeals from the BTA's decision that permitted the Cleveland Board of Education ("Cleveland") to dismiss its real estate tax appeals to the BTA, after Cleveland had obtained a dismissal of Trebmal's real estate tax appeals to the court of common pleas.

In appellate case Nos. 65154 and 65155, taxpayer Leonard Fuchs, Trustee ("Fuchs") likewise appeals from the BTA's decision that permitted the Warrensville Heights Board of Education ("Warrensville Heights") to dismiss its real estate tax appeals to the BTA, after Warrensville Heights had obtained dismissals of Fuchs's real estate tax appeals to the court of common pleas.

In appellate case No. 66109, after his unsuccessful appeals on direct review, Fuchs appeals from the 1993 ruling of the trial court that denied his motion to vacate the January 24, 1990 judgment entry of dismissal of his tax appeal to the court of common pleas.

I

The Trebmal real estate tax appeals began when Cleveland filed a complaint with the Cuyahoga County Board of Revision ("BOR") requesting an increase in the taxable value on the Statler Office Tower and related properties. Trebmal filed cross-complaints requesting that the common level of assessment of 28.9 percent be applied to determine a lower value on the subject premises.

After a hearing, the BOR on May 25, 1989 retained the auditor's fair market value for the premises and denied (1) Cleveland's request to increase taxable values and (2) Trebmal's claim to lower taxable values.

On May 26, 1989, Cleveland filed notices of appeal to the BTA, pursuant to R.C. 5717.01. On June 2, 1989, Trebmal countered by filing notices of appeal to the court of common pleas, pursuant to R.C. 5717.05. Thereafter, Cleveland moved the common pleas court to dismiss Trebmal's common pleas appeal, contending that Cleveland's notices of appeal were first filed with the BTA, vesting the BTA with exclusive jurisdiction over the appeal pursuant to R.C. 5717.05. For lack of jurisdiction, the court granted Cleveland's motion, and dismissed Trebmal's common pleas appeal. This court affirmed. See *75 Pub. Square v. Cuyahoga Cty. Bd. of Revision* (1991), 76 Ohio App.3d 340, 601 N.E.2d 628. Thereafter, Cleveland filed notice with the BTA that it was dismissing its appeal with prejudice. In appellate case Nos. 65027 through 65040, Trebmal appeals that ruling pursuant to R.C. 5717.04.

The Fuchs real estate tax appeals originated when Fuchs filed a complaint with BOR requesting a decrease in taxable value on its strip shopping center on Northfield Road. Warrensville Heights filed cross-complaints requesting that the auditor's fair market value be retained. Following a hearing, the BOR on May 4, 1989 retained the auditor's fair market value as requested by Warrensville Heights and denied Fuchs's request for a lower taxable value.

On May 5, 1989, Warrensville Heights filed notices of appeal to the BTA, pursuant to R.C. 5717.01. On May 19, 1989, Fuchs countered by filing a notice of

appeal to the court of common pleas. Thereafter, Warrensville Heights moved the common pleas court to dismiss Fuchs's appeal, contending that Warrensville Heights' notice of appeal was first filed with the BTA, giving that forum exclusive jurisdiction (R.C. 5717.05). The court granted the motion upon reconsideration. This court affirmed that ruling. See *75 Pub. Square, supra.* The Supreme Court denied further review. Thereafter, on January 11, 1993, Warrensville Heights filed a notice with the BTA that it was dismissing its appeal with prejudice. In appellate case Nos. 65154 and 65155, Fuchs appeals that dismissal pursuant to R.C. 5717.04. Also, in case Nos. 65154 and 65155, Warrensville Heights filed a motion (No. 43871) with this court, seeking dismissal of the Fuchs appeals. Motion No. 43871 is denied, as we address the merits of the appeals herein.

Thereafter, on May 27, 1993, Fuchs moved the court of common pleas to vacate its previous dismissal, dated January 24, 1990, of Fuchs's real estate tax appeal. Fuchs asserted again that Warrensville Heights' unilateral actions had foreclosed its right to a review of the decision of the BOR. The trial court denied Fuchs's motion, and Fuchs appeals in appellate case No. 66109.

## II

Trebmal's and Fuchs's first assignment of error asserted in appellate case Nos. 65027 through 65040, 65154 and 65155 states as follows:

"The Board of Tax Appeals order dismissing the board of educations' appeals was unreasonable and unlawful and contrary to the laws of Ohio."

Within this assignment of error, Trebmal and Fuchs maintain that the BTA's order which permitted Cleveland and Warrensville Heights to dismiss their respective appeals deprives taxpayers of their statutory right to obtain review of decisions of the BOR, and, hence, is contrary to the Supreme Court's holding in *Tower City Properties v. Cuyahoga Cty. Bd. of Revision* (1990), 49 Ohio St.3d 67, 551 N.E.2d 122.

The right to appeal the decision of a county board of revision is set forth in R.C. 5717.05.

Prior to March 17, 1989, when the parties in *Tower City* filed their complaint, R.C. 5717.05 provided in relevant part as follows:

"As an alternative to the appeal provided for in section 5717.01 of the Revised Code, an appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation. * * *

"When such appeal has been perfected by the filing of a notice thereof as required by this section, any appeal from the same decision of the county board of revision theretofore filed under section 5717.01 of the Revised Code with the board of tax appeals shall be dismissed. No appeal shall be taken to the board of tax appeals from the decision of a county board of revision under such section after an appeal from the same decision of the county board of revision has been perfected in the court under this section. * * * "

Under the statute in effect at the time of *Tower City,* a property owner could appeal a board of revision's decision either to the BTA or the court of common pleas. However, if the owner timely appealed to common pleas court, that court was vested with exclusive jurisdiction. Then as now, a board of education could appeal only to the BTA.

In *Tower City,* the Supreme Court considered the effects of this aspect of former R.C. 5717.05. Under the facts presented, (1) the property owner appealed a board of revision determination to the court of common pleas, (2) the school board then appealed to the BTA, (3) the BTA *sua sponte* dismissed the school board's appeal pursuant to R.C. 5717.05, and (4) the property owner then voluntarily dismissed the common pleas appeal with prejudice. The court explained:

"The statutory design grants a board of education the right to seek the correct value of property in its district, including the appeal of a board of revision decision. Giving a property owner unilateral ability to dismiss its appeal pursuant to Civ.R. 41(A)(1)(a) would alter this statutory design because it would render ineffective the board of education's right to review of a board of revision's valuation. A board of education's right to pursue a correct value would then be left to the whim of the property owner, even though the board may have first filed the real property tax complaint and even though the board is, under R.C. 5717.05, made an appellee to the proceeding.

"In the instant case, the board manifested its disagreement with the board of revision's decision by appealing to the BTA. Appellant's strategic dismissal, if allowed, would leave the board without a forum to pursue its disagreement. Thus, Civ.R. 41(A)(1)(a) alters the basic statutory design set forth in the statutes regarding tax valuations, and it is clearly 'inapplicable' to appeals under R.C. 5717.05.

" * * * the General Assembly, by statute, enabled a board of education to contest a tax value determination. Appellant would alter this statutory scheme by using a court-adopted Civil Rule. Civ.R. 1(C) relegates the scope of the Civil Rules to those special statutory proceedings to which the rules are applicable. An appeal under R.C. 5717.05 is not such a proceeding." *Id.* at 70, 551 N.E.2d at 125.

In other words (in the common pleas forum), the right of the taxpayer to dismiss his appeal there would deny the board of education the right to contest the taxable values determined by BOR. This procedure would thwart the intention of the legislature to assure a forum for schools to litigate taxable values.

The court further noted that:

"Effective March 17, 1989, the General Assembly amended R.C. 5717.05 to grant exclusive jurisdiction to the forum, the court of common pleas or the BTA, in which the first notice of appeal was filed if the parties file in both forums. (142 Ohio Laws, Part III, 5544–5545.)" *Id.* at 68, 551 N.E.2d at 123, fn. 1. See, also *75 Pub. Square, supra* (applying amended R.C. 5717.05 to appeals of board of revision decisions which are filed after March 17, 1989).

Thus, the amended version of R.C. 5717.05 is applicable to the current cases before us and provides:

"As an alternative to the appeal provided for in section 5717.01 of the Revised Code, an appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation. * * *

"When the appeal has been perfected by the filing of a notice of appeal as required by this section, and *an appeal from the same decision of the county board of revision is filed under R.C. 5717.01 of the Revised Code with the board of tax appeals,* the forum in which the first notice of appeal is filed shall have exclusive jurisdiction over the appeal." (Emphasis added.)

█ Under the particular facts before us now, it was obvious to both Trebmal and Fuchs, within thirty days after the BOR gave notice of its decision, that their respective opponents (the school boards) had succeeded in filing the first notices of appeal with the BTA.

To preserve the litigation of taxable values, it was necessary for both Trebmal and Fuchs to file their own appeals with the BTA, where its jurisdiction became exclusive.

Accordingly, the posture of our case is unlike that of *Tower City,* where the school board was left "without a forum to pursue its disagreement." *Tower City, supra.*

However, the present statutory design does not deny the property owner and the school board the right to seek the correct value of taxable property. Nor does it deny taxpayers or school boards the right to litigate issues, since both would be appealing to the BTA, that is, the entity that retained exclusive jurisdiction.

In short, the landowners chose to fight the law rather than follow the law as adopted by the Ohio legislature as to the forum in which to contest taxable real estate values.

By appealing the decisions of the BOR to the common pleas court rather than to the BTA, where the appeals were filed first, Trebmal and Fuchs cut off their right to litigate the taxable values. The right to determine the values was denied them not by the law, but by themselves. This court will not create a remedy where the law already provides a comprehensive procedure.

Moreover, we find that our conclusion that the BTA did not err in permitting the school boards to voluntarily dismiss their appeals is supported by the Ohio Supreme Court in its decisions subsequent to *Tower City*. In *Gates Mills Club Dev. Co. v. Cuyahoga Cty. Bd. of Revision* (1992), 64 Ohio St.3d 198, 594 N.E.2d 580, the court considered the contention of the board of education that the BTA erred in permitting the property owner to dismiss its appeal because newly discovered evidence indicated that the property owner had presented erroneous information to the BOR. The court rejected the board of education's contention and stated:

"Mayfield could have appealed if it was dissatisfied with the determination of value by the board of revision, but did not do so. Such an appeal would have protected it against the unilateral withdrawal of an appeal by locking in the jurisdiction of the BTA to determine valuation.

" * * *

"In *Sears, Roebuck & Co. v. Franklin Cty. Bd. of Revision* (1991), 62 Ohio St.3d 156, 580 N.E.2d 775, we applied Ohio Adm.Code 5717-1–16 over the objections of the appellant that the dismissal would 'operate to prejudice a party which had obtained an appraiser, was ready to proceed with the hearing, and was seeking an increase in the value of the property,' *id.*, 62 Ohio St.3d at 157, 580 N.E.2d at 776, but had failed to file an appeal from the board of revision's valuation determination. In that case, we approved the BTA's dismissal of an appeal.

"Mayfield had the opportunity to indicate its disagreement with the valuation determined by the board of revision in at least two ways: (1) it could have challenged Gates Mills' counsel's representations about meals and rents, and (2) it could have filed a notice of appeal with the BTA contesting the reduction in valuation of the subject property. It did neither." *Id.* at 199–200, 594 N.E.2d at 581–582.

In other words, the BTA has no jurisdiction to consider errors raised by a party that failed to file its appeal with the BTA. The assigned error lacks merit.

## III

Trebmal's and Fuchs's second assignment of error asserted in appellate case Nos. 65027–65040, 65154 and 65155 states as follows:

"The decision of the Board of Tax Appeals is contrary to the laws of Ohio, the Ohio Constitution, and the United States Constitution."

With regard to the contention that the decision of the BTA is contrary to the laws of Ohio, we note that for the reasons set forth earlier in our discussion of the assignments of error, the BTA acted in conformance with R.C. Chapter 5717, and by cases of the Supreme Court of Ohio interpreting that chapter, in permitting dismissal of the appeals. Therefore, the contention is without merit.

 With regard to the remaining claims that dismissals violated the property owners' constitutional rights, we note that a litigant has no inherent right to appeal a tax determination, only a statutory right. *Cooke v. Kinney* (1981), 65 Ohio St.2d 7, 8, 417 N.E.2d 106, 107–108. Further, although Trebmal and Fuchs assert that they were denied their constitutional rights of due process, this court in *75 Pub. Square* rejected the property owners' claim that R.C. 5717.05 creates an "impermissible race to the courthouse" in violation of the Due Process Clauses of the Ohio and United States Constitutions. Trebmal and Fuchs further assert that the BTA's dismissal has deprived them of their constitutional right to uniformity and equality of assessment. We find, however, that Trebmal's and Fuchs's appeals failed because the owners of property were unwilling to submit to exclusive appellate jurisdiction in conformance with the statutory options under R.C. Chapter 5717, rather than because of any constitutionally defective provision of R.C. 5717.05.

The second assignment of error is overruled.

## IV

Fuchs's assignments of error in case No. 66109 are interrelated and state:

"Appellant's motion for relief from judgment was improperly denied by the Cuyahoga County Court of Common Pleas.

"The decision of the court of common pleas is contrary to the laws of Ohio, the Ohio Constitution, and the United States Constitution."

 To prevail on a motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE*

*Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, syllabus.

Moreover, the motion may not be used as a substitute for an appeal. *Brick Processors, Inc. v. Culbertson* (1981), 2 Ohio App.3d 478, 479, 2 OBR 604, 605, 442 N.E.2d 1313, 1314–1315. Finally, the motion is addressed to the sound discretion of the trial court. *Doddridge v. Fitzpatrick* (1978), 53 Ohio St.2d 9, 12, 7 O.O.3d 5, 7, 371 N.E.2d 214, 217.

In this instance, Fuchs's motion failed to meet the tripartite showing mandated by *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* Further, the essence of the motion was Fuchs's claim that in permitting dismissal of the BTA appeal, the BTA had acted contrary to the Supreme Court's decision in *Tower City* and had effectively foreclosed his right of review. This was an echo of the arguments already advanced before the reviewing court which were turned down, and hence became another attempt to directly appeal the BTA's dismissal.

Finally, Fuchs sought in 1993 to vacate a judgment entered by the lower court on January 24, 1990—three years earlier. Cf. *Laughlin v. Hibbard* (1974), 71 O.O.2d 194, 328 N.E.2d 827. His argument that the Supreme Court returned the journal for a final entry on May 27, 1992 is inaccurate. The judgment was returned to inform the common pleas court that it could now execute the judgment, which had been under suspension during the appeal. In short, the judgment of January 24, 1990 was a final entry. It could not toll the time (1) for an appeal, or (2) to file a motion to set aside a judgment.

Accordingly, the trial court did not abuse its discretion in denying Fuchs's motion to vacate. The assignments of error raised in case No. 66109 are overruled.

For the foregoing reasons, each of the challenged decisions is hereby affirmed.

*Decisions affirmed.*

PATTON, P.J., and NUGENT, J., concur.

AUGUST PRYATEL, J., retired, of the Eighth Appellate District, sitting by assignment.