The appeals currently before this court originally consisted of three cases that were consolidated upon appeal. The first appeal, case No. 98AP-1285, was dismissed by this court on October 29, 1998 for lack of a final, appealable order. We address the remaining two appeals separately.
Case No. 98AP-1284 originated on November 5, 1997 in the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch. On such date, Natice Davis filed complaint for the allocation of parental rights and responsibilities against Sidney Lewis. In such complaint, Ms. Davis averred that a parentage action was pending against Mr. Lewis in the Juvenile Branch, case No. 97DP-02-323.
On June 24, 1998, a magistrate's order was journalized, ordering Mr. Lewis pay a $400 deposit for guardian ad litem
fees. On June 29, 1998, Mr. Lewis filed objections to the magistrate's order. The objections were overruled by the court on July 16, 1998.
On July 30, 1998, another magistrate's order was journalized, appointing a guardian ad litem and ordering Mr. Lewis deposit $800 for guardian ad litem fees. On August 31, 1998, Mr. Lewis filed a request for separate findings of fact and conclusions of law, asking the court to state why it overruled his objections to the magistrate's order. On September 17, 1998, a magistrate's decision was filed, denying Mr. Lewis's request for findings of fact and conclusions of law stating the time for filing such request had expired. A judgment entry adopting the magistrate's decision was journalized the same day.
On September 24, 1998, Mr. Lewis filed an objection the magistrate's orders, requesting the dismissal of all orders rendered in the case. On October 6, 1998, Mr. Lewis filed a "REQUEST FOR RECONSIDERATION OF SEPARATE FINDINGS OF FACT AND CONCLUSIONS OF LAW." On this same date, Mr. Lewis filed a "MOTION TO APPEAL JUDGE'S OVERRULING OF OBJECTIONS TO MAGISTRATE'S ORDER" which indicated Mr. Lewis was thereby appealing the court's adoption of the magistrate's order appointing a guardian ad litem and ordering Mr. Lewis pay the deposit therefor.
Mr. Lewis (hereinafter "appellant") has assigned the following errors for. our consideration:
 "A) Pamela Simmons knowingly filed case 97JC-1212 to financially injure appellant when cases 97DP-323 and 83PA-4314 were not disposed of by the court. This is a clear violation of Due Process and abuse of Process. The court should have dismissed these actions pending the ruling of the court of Appeals.
 "B) Pamela Simmons and Natice Davis knowingly filed case 97JC-1212 to abuse the process when cases 97DP-323 and 83PA-4314 were not disposed of by the court. This is a clear violation of Due Process. The court should have dismissed these actions pending the ruling of the court of Appeals.
 "C) Pamela Simmons and Natice Davis knowingly requested the court to impose a guardian ad lidem [sic] in case 97JC-1212 to abuse the process when cases 97DP-323 and 83PA-4314 were not disposed of by the court. This is a clear violation of Due Process."
We note that case No. 98AP-1285, which was dismissed by this court for lack of a final, appealable order, involves the same appeal that is currently before us in case No. 98AP-1284.
As indicated above, appellant stated he was appealing the trial court's adoption of a magistrate's order that appointed a guardian ad litem and ordered appellant pay the deposit for guardian ad litem fees. R.C. 2505-02(B) sets forth which orders are final and appealable. The appointment of a guardian adlitem and an order requiring a party pay a deposit for guardianad litem fees do not fit within any of the definitions set forth in R.C. 2505.02(B). Accordingly, there is no final, appealable order, and appellant's appeal in case No. 98AP-1284 must be dismissed.
We now turn to case No. 98AP-661. Case No. 98AP-661 stems from the parentage action that was referenced in the complaint for allocation of parental rights and responsibilities discussed above. On February 11, 1997, Natice Davis and her minor daughter, through the Franklin County Child Support Enforcement Agency ("CSEA), filed a complaint against appellant to establish a father-daughter relationship. Apparently, Ms. Davis had filed a parentage action involving the same child against appellant in 1993; however, this was dismissed by the trial court without prejudice after Ms. Davis failed to appear at a hearing and at two scheduled genetic tests.
Appellant filed an answer and a counterclaim alleging his federal and state due process rights were violated in the 1993 parentage action in that he was denied counsel and was "unlawfully forced to render blood." Appellant requested judgment against the "plaintiffs" for $1,000,000 in punitive damages and $50,000 in compensatory damages plus costs and interest. Appellant also claimed the "prosecutor" falsified court documents in order to mislead the court into believing the case was a new case and to remove the judge. Appellant averred this caused him extreme mental anguish and constituted double jeopardy, and appellant requested a $50,000 "sanction."
On February 28, 1998, CSEA filed a motion to dismiss appellant's counterclaim for lack of subject-matter jurisdiction and for failure to state a claim upon which relief could be granted. On September 24, 1997, appellant filed a motion to dismiss the complaint.
On January 6, 1998, two magistrate's decisions were filed, granting CSEA's motion to dismiss the counterclaim and denying appellant's motion to dismiss the complaint. The trial court adopted these decisions in judgment entries journalized the same day.
On May 22, 1998, a magistrate's decision and court entry were journalized, dismissing the complaint without prejudice at the request of the plaintiff, Ms. Davis. Appellant has appealed from this entry, assigning the following as error:
 "(A) David Fleischman erred to refile complaint 93DP-08-7362 as 97DP-02-323 to intentionally unseat Judge Twyford and affect prior rulings in the case originally known as 93DP-08-7362.
 "(B) Judge Priesse was assigned to the Refiled case 93DP-08-7362 refiled as 97DP-02-323 when the case was previously heard and ruled upon by Judge Twyford who should have been reassigned to the case.
 "(C) Counter-Claim was dismissed by Judge Lias and not reinstated as error of the court.
 "(D) Genetic Tests results were removed from the court files of case 93DP-08-7362 and not introduced into the record of case 97DP-02-323 as ever existing as evidence was tampered with whereby new tests were ordered without reference to the former evidence's whereabouts.
 "5. It was an error for Judge Lias to intentionally and illegally misstate a material fact on the Case Transfer Sheet that she was the original judge assigned to case 93DP-08-7362 whereby she had case 97DP-02-323 transferred to herself.
 "6. It was an error on 2/25/98 for a motion of continuance to be granted for a hearing scheduled for 5/13/98 at 9:00 a.m. before Judge Twyford whereby a timely 'Request For Removal of Judge' was made on 4/01/98 Yet this motion was not ever heard or addressed on its merits at the hearing on 5/13/98."
We will address appellant's assignments of error "A," "B," "D," "5" and "6" together. In these assignments of error, appellant makes various contentions relating to the paternity complaint at issue herein and the 1993 paternity action. Appellant contends, for example, that: CSEA improperly re-filed the complaint and should have been barred from re-filing the case; the case was assigned to the wrong judge; genetic test results were intentionally removed from the 1993 paternity case file and not placed in the present case record; the trial court erroneously granted a motion for a continuance and erred in not hearing appellant's request for the removal of the judge; and the trial court erroneously dismissed the complaint.
As indicated above, the complaint herein was dismissed by the court without prejudice upon Ms. Davis's request.
A party's voluntary dismissal without prejudice under Civ.R. 41(A) is not an adjudication upon the merits and is neither a final judgment nor a final appealable order since it does not determine the action against defendant. See, generally,Hensley v. Henry (1980), 61 Ohio St.2d 277. Had the complaint herein been dismissed with prejudice, the dismissal would have operated as an adjudication upon the merits and would have been appealable. See Tower City Properties v. Cuyahoga Cty. Bd. ofRevision (1990), 49 Ohio St.3d 67, 69. See, also, Thomas v.Freeman (1997), 79 Ohio St.3d 221, 225, fn. 2. As already indicated, however, the complaint was dismissed without
prejudice and, as such, there has been no final judgment against appellant upon this complaint. Accordingly, as to the issues raised in assignments of error "A," "B," "D," "5" and "6," there is no final, appealable order, and the appeal of those issues must be dismissed.
Appellants assignment of error "C" addresses the trial court's dismissal of appellant's counterclaim. Because the trial court did not indicate otherwise, such dismissal was on the merits and, therefore, the issue has been properly appealed. See Civ.R. 41(B)(3) and (C). In essence, appellant contends the trial court erred in dismissing his counterclaim. In his counterclaim, appellant contended his due process rights were violated in the 1993 paternity action and that "CANON 3A(3) (4)" (presumably of the code of Judicial Conduct) were violated because in such case, he was denied the right to counsel and was ordered to take a blood test. Appellant prayed for $1,000,000 in punitive damages and $50,000 in compensatory damages. Appellant also contended the "Prosecutor" falsified court documents in violation of R.C. "2921.13(A)(3)(11)" and "Loc.R. 31.01." Appellant requested $50,000 for "sanctions" pursuant to "Loc.R. 39.05(c)(i), (ii)." For the reasons that follow, we find that the trial court did not err in dismissing appellant's counterclaim.
Appellant's claims with regard to the alleged deprivation of the right to counsel and the order to take a blood test in the 1993 action were properly dismissed by the trial court. Even if cognizable in the present action, such claims would not be against the opposing parties herein, Ms. Davis, her daughter and CSEA.
Appellant also asserted a counterclaim against the "Prosecutor" for failing to designate the complaint as a re-filed complaint. Even if we assume CSEA is the "prosecutor" referred to by appellant and therefore an opposing party, the trial court properly dismissed this portion of the counterclaim.
First, appellant contended the failure to state on the complaint that it was a re-filed complaint violated R.C.2921.13(A)(3)(11)." R.C. 2921.13(A) is a criminal statute, the prosecution of which would be brought in the general division. In addition, appellant could not have brought such a claim himself.
Appellant also contended such failure violated "Loc.R. 31.01." Appellant refers to Loc.R. 31.01 of the Franklin County Court of Common Pleas, General Division. However, this case was filed in the Domestic Relations Division, Juvenile Branch. Loc.R. 21 of the juvenile branch does not contain the same mandatory language for when a case is re-filed.
In addition, a counterclaim is not the proper avenue to raise such a contention. The more proper practice would have been by motion. However, even if the trial court treated the "counterclaim" as a motion, it was not error to deny appellant's requested relief. Sanctions are within the discretion of the trial court. Here, there is no local rule requiring a statement that an action is a re-filed case. In addition, appellant was not prejudiced because the case was eventually assigned to the judge who had been assigned to the 1993 paternity action, and the complaint was voluntarily dismissed.
For the reasons stated above, the trial court did not err in dismissing appellant's counterclaim with regard to sanctions against CSEA.
Given all of the above, the trial court did not err in dismissing appellant's counterclaim.[1] Accordingly, appellant's assignment of error "C" is overruled.
In summary, the appeal in case No. 98AP-1284 is dismissed for lack of a final, appealable order. The appeal in case No. 98AP-661 regarding issues raised in assignments of error "A," "B," "D" "5" and "6" is also dismissed. Assignment of error "C" in case No. 98AP-661 is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch with regard to appellant's counterclaim is affirmed.
Appeal in case No. 98AP-1284 dismissed; appeal in case No.98AP-661 dismissed in part; and judgment affirmed in part.
BOWMAN and BRYANT, JJ., concur.
[1] We note that appellant made related contentions based upon alleged violations of Sections 1983 and 1985, Title 42, U.S. Code. However, these arguments were not raised below, and the juvenile branch does not have jurisdiction over such claims. See R.C. 2151.23. In addition, the juvenile branch has no jurisdiction over any matters raised by appellant involving alleged criminal conduct.