JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff appeals from the common pleas court's order granting summary judgment for the defendants on each of her three complaints on the ground of res judicata. She raises the following two assignments of error:
 {¶ 2} I. THE LOWER COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT UNDER THE CONTENTION THAT PLAINTIFF'S CASES/CLAIMS ARE BARRED BY RES JUDICATA [sic] WHEREIN PLAINTIFF'S CASES/COMPLAINTS ARE NOT BARRED UNDER THE DOCTRINE OF RES JUDICATA.
 {¶ 3} II. THE LOWER COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT UNDER THE CONTENTION OF RES JUDICATA WHEREIN DEFENDANTS WAIVED THE OPPORTUNITY, IF ANY, TO RAISE THE AFFIRMATIVE DEFENSE BY FAILING TO FILE AN ANSWER TO PLAINTIFF'S COMPLAINTS.
{¶ 4} We find no error in the common pleas court's decision and affirm its judgment.
 PROCEDURAL HISTORY
{¶ 5} The complaints in these three cases were each filed on February 26, 2001. Case No. CV-431138 was an appeal pursuant to Ohio Rev. Code Ann. 3319.16 from the termination of appellant's teaching contract. Case No. CV-431139 claimed appellant was denied appointment to the position of assistant principal because of her gender and race and was poorly rated in evaluations for the position in retaliation for previous complaints and in breach of a settlement contract regarding those complaints. Case No. CV-431140 alleged that the defendants defamed appellant, deprived her of her property right in continued employment without substantive or procedural due process, violated her right to privacy, retaliated against her for pursuing her rights with respect to claims of race and sex discrimination, and either breached the settlement contract resolving her previous complaints of discrimination or tortiously interfered with the parties' performance of that contract.
{¶ 6} On the face of each complaint, appellant indicated that the complaint had been previously filed in or removed to the United States District Court for the Northern District of Ohio, which dismissed the case without prejudice on February 24, 2000.
{¶ 7} All three of the complaints here were transferred to the docket of the judge who had presided over the previously filed proceedings in Case No. CV-431138 before they were removed to federal court. On defendants' motion, the judge consolidated these matters.
{¶ 8} Defendants filed a motion for summary judgment in lieu of an answer. In that motion, defendants argued all of plaintiff's claims were barred by res judicata because they were all previously dismissed on the merits. Attached to the motion were copies of the complaints previously filed on appellant's behalf,[1] as well as a copy of a memorandum of opinion and order of the United States District Court for the Northern District of Ohio dismissing four cases. Defendants also submitted to the court an affidavit of counsel in which counsel averred that she had represented the defendants in the previous actions and that the copies of the documents attached to the summary judgment motion were all true and accurate.
{¶ 9} The district court's order dismissing the formerly consolidated cases recited the extensive history of discovery in those proceedings and determined that "these cases present an extreme situation showing both a clear record of delay and contumacious conduct by the plaintiff," either one of which would justify dismissal of the action pursuant to Fed.R.Civ.P. 37(b)(2)(C) and 41(b) for failure to obey an order to provide or permit discovery. The court also found appellant had demonstrated a pattern of retaining and firing counsel strategically, and repeatedly violated court orders despite her awareness that the sanction would be dismissal. Therefore, the court granted the defendants' motion to dismiss and entered judgment in favor of the defendants.
{¶ 10} On August 16, 2001, the common pleas court in these cases entered judgment as follows:
 {¶ 11} Pursuant to the doctrine of res judicata, the defendants' motion for summary judgment is granted.
 {¶ 12} The court directs attention to the federal court rulings of Judge Peter C. Economus and Judge Solomon Oliver, Jr. attached hereto.
{¶ 13} Dismissed with prejudice. Final.
 LAW AND ANALYSIS
{¶ 14} Appellants' assignments of error both urge that the common pleas court erred by holding her claims were barred by the doctrine of resjudicata. First, she claims the prior judgments did not have preclusive effect because the court dismissed those previous cases without prejudice "for various reasons including a lack of original jurisdiction over any claims and a lack of subject matter jurisdiction." The federal district court clearly did not dismiss appellant's complaints for lack of jurisdiction, but as a sanction for appellant's failure to comply with the court's discovery orders. Under both federal[2] and Ohio[3] civil rules, an involuntary dismissal operates as an adjudication on the merits unless otherwise specified by the court. Therefore, the dismissal order clearly had preclusive effect. See Thomas v. Freeman (1997),79 Ohio St.3d 221, 225 n. 1; Tower City Properties v. Cuyahoga CountyBd. of Revision (1990), 49 Ohio St.3d 67, 69. The first assignment of error is overruled.[4]
{¶ 15} Second, appellant contends the defendants waived the affirmative defense of res judicata by failing to raise it in a responsive pleading. We disagree.
{¶ 16} Res judicata is not a defense which can be raised by a motion to dismiss pursuant to Civ.R. 12(B) because that defense must be proved with evidence outside the pleadings. State ex rel. Freeman v.Morris (1991), 62 Ohio St.3d 107. However, res judicata can be raised in a motion for summary judgment before an answer is filed. Civ.R. 12(B)(6) specifically contemplates a pre-answer motion for summary judgment for failure to state a claim. The evidence the court may consider in connection with such a motion is strictly limited to such matters outside the pleadings as are specifically enumerated in Rule 56.
{¶ 17} This court and other appellate courts have previously recognized that res judicata can be argued by a motion for summary judgment filed before an answer to the complaint is filed. CuyahogaSupply Tool, Inc. v. Kilbane (Dec. 21, 2000), Cuyahoga App. No. 76893, unreported; Schraff v. Harrison (Nov. 17, 2000), Geauga County App. No. 99-G-2233, unreported. Therefore, we reject appellant's argument that the defendants waived this affirmative defense by failing to raise it in a responsive pleading.
Affirmed.
It is ordered that appellee recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. and ANNE L. KILBANE, J. CONCUR
[1] Appellant conceded that the complaints in two of the three prior cases had originally been filed in the common pleas court, were removed to the district court, and were among the consolidated cases dismissed by the order of February 24, 2000, though these facts were not necessarily demonstrated by the evidence attached to the defendants' motion for summary judgment. The other case was originally filed in the district court and was also among those dismissed by the February 24, 2000 order.
[2] {¶ a}Fed.R.Civ.P. 41(b) provides:
 {¶ b} Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.
[3] {¶ a} Civ.R. 41(B)(3) provides:
 {¶ b} Adjudication on the merits; exception. A dismissal under division (B) of this rule and any dismissal not provided for in this rule, except as provided in division (B)(4) of this rule, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies.
[4] In her first assignment of error, appellant also claims defendants were barred from asserting res judicata because of "collusion, fraud and deceit." However, she does not explain where, in the record, she raised this argument before the common pleas court. She also claims the common pleas court should have allowed her to conduct discovery on this issue, but does not show us where in the record she asked the court for additional time to conduct discovery before responding to the summary judgment motion. Her general argument in response to the motion for summary judgment, that she should be allowed to conduct discovery before any dispositive ruling was made, was insufficient to bring this issue to the court's attention.