[Cite as *Luehrman v. Verma*, 2014-Ohio-3335.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Robert Luehrman et al.,                    :

          Plaintiffs-Appellants,          :          No. 12AP-1024
                                      (C.P.C. No. 10CVC-02-3106)

v.                                          :

                                        (REGULAR CALENDAR)

Tamara Verma et al.,                       :

          Defendants-Appellees.           :

D E C I S I O N

Rendered on July 31, 2014

*Cecil & Geiser LLP*, *Andrew W. Cecil*, and *Sydney S. McLafferty*; *Giorgianni Law LLC*, and *Paul Giorgianni*, for appellants.

*Carpenter Lipps & Leland LLP*, *Michael H. Carpenter*, and *Katheryn M. Lloyd*, counsel for Amicus Curiae Property and Casualty Insurance Company of Hartford.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} Plaintiffs-appellants, Robert and Rebecca Luehrman, husband and wife (collectively "appellants"), appeal from a judgment of the Franklin County Court of Common Pleas in their personal injury action arising from an automobile accident. This appeal involves only legal and procedural issues and, to the extent that we mention underlying facts, we make no binding determination as to their accuracy.

{¶ 2} Defendant-appellee, Tamara Verma, drove left-of-center and collided head-on with the vehicle occupied by appellants, who both suffered serious injuries. Appellants, represented by trial counsel Andrew W. Cecil, filed a complaint stating negligence claims against Verma. Counts 1, 2, and 3 of the complaint sought damages for

medical expenses, lost wages, and pain and suffering incurred by appellants due to their own injuries. These counts also set forth a loss-of-consortium claim for Robert due to Rebecca's injuries and a loss-of-consortium claim for Rebecca due to Robert's injuries. Count 4 of the complaint stated a claim against appellants' own uninsured/underinsured motorist carrier, Nationwide Mutual Insurance Company, for coverage of any claims exceeding Verma's liability insurance. Nationwide duly filed an answer and cross-claim against Verma. These claims by and against Nationwide do not affect the case as it is now postured and need not be further discussed.

{¶ 3} Verma's liability insurer, State Farm Mutual Automobile Insurance Company, defended the action under the terms of her automobile insurance policy, appointing attorney James Mann. After some initial discovery, Cecil concluded that Verma was not acting within the scope of her employment at the time of the accident. Based upon this belief that there would be no other available source of recovery beyond Verma's personal automobile insurance, attorneys Cecil and Mann negotiated a partial settlement addressing only appellants' claims that arose from Robert's injuries. On July 27, 2010, counsel filed an agreed entry titled "Partial Stipulation of Dismissal with Prejudice" (hereinafter "the 2010 settlement" or "2010 dismissal"). This provided that "all claims of Robert Luehrman arising from his personal injuries and property damage and all claims of Rebecca Luehrman which arise from the injuries sustained by Robert Luehrman are hereby dismissed with prejudice." The 2010 dismissal thus left active both Rebecca's claims based upon her own injuries and Robert's claims based upon Rebecca's injuries. Pursuant to this agreement, State Farm paid the limits of Verma's $100,000 per-person liability coverage.

{¶ 4} After the 2010 dismissal, discovery continued as attorney Cecil pursued appellants' remaining claims against Verma. At a deposition held October 14, 2010, Verma, who worked as a home hospice care provider, testified that at the time of the accident she was, in fact, driving for purposes of her employment:

> Q: Where were you going to and coming from when this happened?
>
> A: I was going to a patient's house. And I left the hospital where we meet for morning meetings.

(Verma Depo., 11.)

{¶ 5} Based upon this information, appellants' counsel Cecil revised his prior assessment of possible sources of recovery for his clients. Cecil accordingly undertook various filings to attempt to negate the 2010 dismissal of appellants' claims arising from Robert's injuries so that appellants could pursue additional recovery from Verma's employer for those claims.[1]

{¶ 6} The first of these filings occurred on August 31, 2011 when appellants, through Cecil, filed a pleading titled "Motion to Vacate Voluntary Dismissal" pursuant to Civ.R. 60(B). (R. 70 at 1.) In the accompanying memorandum, appellants stressed that Verma's response to appellants' first set of interrogatories, unlike her later deposition, represented that she was not acting in the course of her employment at the time of the collision. Appellants asserted that counsel for Verma agreed at the time of the 2010 dismissal that "the Dismissal filed on behalf of Mr. Luehrman would be 'vacated' if and when additional coverage was located." (R. 70 at 4.) Appellants argued that "Mr. Luehrman settled and voluntarily dismissed his case for an amount not equal to half of his economic damages" and that relief was sought to "prevent a highly unjust result." (R. 70 at 4-5.)

{¶ 7} Verma's representation at this time became complicated by the appearance of new counsel on her behalf. Attorneys John Fiocca and Matthew Dougherty of the firm of Smith, Rolfes & Skavdahl (hereinafter "Smith Rolfes") entered an appearance on behalf of Verma, appointed by Property and Casualty Insurance Company of Hartford, the liability insuror for Verma's employer. This notice of appearance explicitly acknowledged that attorney Mann, appointed by State Farm, would continue to represent Verma as well. As a result, Verma now found herself with two sets of counsel. Smith Rolfes promptly filed a memorandum in opposition to appellants' motion to vacate voluntary dismissal. This memorandum argued that (1) the stipulation of dismissal was not a final judgment, order or proceeding, (2) the motion was untimely, and (3) the stipulation of dismissal could not be vacated in any case.

{¶ 8} Awaiting the trial court's decision on appellants' pending Civ.R. 60(B) motion for relief from judgment, attorneys Cecil and Mann filed on January 11, 2012 a

---

[1] As of the time of this appeal, Verma's employer was not a named party to this action nor otherwise made the express object of any claim, and the trial court has made no direct determination of the employer's exposure to vicarious liability.

joint motion to set aside the stipulation of dismissal. In the supporting memorandum, the parties set forth that they "believe and agree that the Court permitting the stipulation of dismissal to be set aside, and reinstating the claims arising out of injuries sustained by Robert Luehrman on the basis set forth in the parties' agreement, would be in the best interests of justice and would protect the rights of all concerned." (R. 77 at 2.)

{¶ 9} On February 16, 2012, the trial court rendered a decision denying appellants' Civ.R. 60(B) motion to vacate the 2010 dismissal. The court held that the dismissal was not a final judgment because Rebecca's claims remained pending. The court also held that the motion was untimely, appellants had failed to proffer evidence of mutual mistake, and the dismissal should not be set aside because appellants had not relinquished the benefit received from the settlement with State Farm, having retained the $100,000 settlement.

{¶ 10} On February 21, 2012, appellants filed a notice of additional evidence in support of the joint motion to set aside the prior stipulation of dismissal, citing the Supreme Court of Ohio's decision in *Pattison v. W.W. Grainger, Inc.,* 120 Ohio St.3d 142, 2008-Ohio-5276. Appellants argued that, under the Supreme Court's decision in *Pattison*, the 2010 dismissal was without effect because Civ.R. 41(A)(1) mandates that *all* claims must be dismissed, and any attempt to dismiss some, but not all, claims would be a nullity. Verma filed a response on March 1, 2012 through Smith Rolfes. This response purported to present Verma's opposition to the application of *Pattison* to the case, despite the fact that the underlying motion to set aside the 2010 dismissal had been jointly presented by appellants' counsel and attorney Mann representing Verma.

{¶ 11} On March 13, 2012, Hartford filed a motion for leave to file an amicus brief presented by yet another firm, Carpenter Lipps & Leland LLP. On June 18, 2012, the trial court denied the parties' joint January 11, 2012 motion to set aside the dismissal. The court also denied Hartford's motion for leave to file an amicus brief.

{¶ 12} On July 12, 2012, appellants renewed their efforts to vacate the 2010 dismissal with a motion entitled "Motion to Acknowledge Original Complaint as Intact." This again invoked the Supreme Court's decision in *Pattison* to assert that the 2010 partial dismissal was a nullity. The next day, on July 13, 2012, appellants filed an amended complaint, pursuant to Civ.R. 15(A), that purported to reinstate the dismissed claims. This was accompanied with a series of joint stipulations by appellants and Verma

(at least insofar as she was represented by attorney Mann) to memorialize the accuracy and interpretation of all prior filings and clarify Verma's non-opposition to reinstatement of Robert's claims. Smith Rolfes did not file any response specific to this amended complaint.

{¶ 13} On August 31, 2012, the trial court denied appellants' motion to acknowledge original complaint as intact. The court also denied consent to amend the complaint back to its original form and thus reinstate Robert's claims. On November 19, 2012, appellants settled their remaining claims with State Farm and filed a partial dismissal with prejudice covering their remaining claims: Rebecca's claims for her own injuries and Robert's claims for Rebecca's injuries (hereinafter "the 2012 dismissal"). Appellants then filed their notice of appeal to this court on December 5, 2012.

{¶ 14} Appellants bring the following six assignments of error:

> [I.] The trial court erred by giving effect to the parties' July 27, 2010 "Partial Stipulation of Dismissal with Prejudice" and deeming that effect irreversible.
>
> [II.] The trial court erred by failing to acknowledge the consented-to Amended Complaint filed July 13, 2012.
>
> [III.] The trial court erred by denying Plaintiffs' August 31, 2011 Motion to Vacate Voluntary Dismissal.
>
> [IV.] The trial court erred by denying the parties' January 11, 2012 Joint Motion to Set Aside Stipulation of Dismissal.
>
> [V.] The trial court erred by denying Plaintiffs' July 12, 2012 Motion to Acknowledge Original Complaint as Intact.
>
> [VI.] The trial court erred by failing to allow the parties to mutually decide what claims constituted their dispute.

{¶ 15} Nominally an appellee, Verma has not defended this appeal. We have granted Hartford the opportunity to file a brief as amicus curiae in this appeal, despite the fact that the company's position is not, as the matter is now postured, in support of Verma or any current party but in direct defense of its own future liability. We note from the outset that this case presents only issues of law upon appeal, and we review the pertinent parts of the trial court's decision under a de novo standard.

{¶ 16} Appellants' first, second, fourth, fifth, and sixth assignments of error address the trial court's denial of appellants' efforts to (1) deem the 2010 dismissal a nullity pursuant to *Pattison*, or, failing that, (2) amend the complaint back to its pre-dismissal state. These denials raise two distinguishable issues that are argued more or less collectively across these assignments of error, and we frame our discussion accordingly.

{¶ 17} The first question concerns the analysis of the procedural history of this case in light of the Supreme Court's holding in *Pattison*. This in itself presents two sub-issues because there are two partial dismissals in the case that are potentially subject to *Pattison*. First, we must determine the effect under *Pattison* of appellants' 2012 voluntary dismissal of their remaining claims in order to terminate the trial court case and bring this appeal. If *Pattison* applies to that dismissal, we lack a final appealable order in the case. Next, we determine whether appellants' partial dismissal in 2010 of some claims was a nullity under *Pattison*, leaving those claims still active, as appellants assert.

{¶ 18} In *Pattison*, the plaintiffs suffered adverse rulings in the trial court on some, but not all, of their claims. They then dismissed their remaining claims without prejudice in order to bring an immediate appeal. The Eighth District found the appeal untimely, but certified the case to the Supreme Court based on a conflict with other appellate districts. On further appeal, the Supreme Court reversed in part on the basis that there was no final appealable order in the case. The Supreme Court held that dismissal of some, but not all, claims in an attempt to render a matter immediately appealable was not permissible under Civ.R. 41(A)(1): "We hold * * * that when a plaintiff has asserted multiple claims against one defendant, and some of those claims have been ruled upon but not converted into a final order through Civ.R. 54(B), the plaintiff may not create a final order by voluntarily dismissing pursuant to Civ.R. 41(A) the remaining claims against the same defendant." *Id.* at ¶ 1.

{¶ 19} The Supreme Court's ruling in *Pattison* is based upon the text of Civ.R. 41(A) as amended in 2001: "[A] plaintiff, without order of court, may dismiss *all claims* asserted by that plaintiff against a defendant by * * * filing a notice of dismissal at any time for the commencement of trial." (Emphasis added.) Civ.R. 41(A)(1)(a). The Supreme Court noted that the 2001 amendments added the term "all claims," and that the majority of Ohio appellate courts, striving to give effect to the amended language, had

construed this strictly to mean that partial dismissal of some, but not all, claims in an effort to obtain a final appealable order is not allowed by the rule.  *Pattison* at ¶ 19.

{¶ 20} In addition to the strict language of the rule, the Supreme Court explicitly stated that this interpretation of Civ.R. 41(A) was based on considerations of judicial economy: "These holdings have been based on the text of the rule itself, as well as the general policy against piecemeal litigation." *Id.*  The Supreme Court then elaborated on the importance of these considerations of judicial economy:

> [W]ere Civ.R. 41(A) to be used to dismiss fewer than all of the claims against a certain defendant, a plaintiff could create a final and appealable order as to one issue under Civ.R. 41(A) while still saving the dismissed claim to be refiled later.  To allow a partial Civ.R. 41(A) dismissal is potentially prejudicial to defendants.  In cases in which all claims against a party are dismissed without prejudice, there still is the risk of the action being refiled, but the amount of potential litigation that a defendant is subjected to is the same.  When an individual claim against a defendant is dismissed without prejudice, however, the defendant is forced to go through the appeal process and may perhaps still be subjected to the dismissed claim upon refiling.   The defendant in that situation is vulnerable to an increased overall burden due to the Civ.R. 41 dismissal.

*Id.* at ¶ 20.

{¶ 21} The first question before us is whether dismissals *with* prejudice, as occurred with both the 2010 and 2012 dismissals in our case, merit the same treatment under Civ.R. 41(A) as a dismissal *without* prejudice, such as was addressed in *Pattison* and the cases discussed therein.  We hold that they do not.

{¶ 22} The sole post-*Pattison* case explicitly examining this aspect of Civ.R. 41(A)(1) is the First Appellate District's opinion in *Groen v. Children's Hosp. Med. Ctr.*, 1st Dist. No. C-100835, 2012-Ohio-2815, *appeal not accepted*, 133 Ohio St.3d 1465, 2012-Ohio-5149, whose reasoning we find persuasive:

> Because the plaintiff in *Pattison* dismissed his remaining claim without prejudice, the Supreme Court did not discuss the appealability of an order, which disposes of some, but not all of the plaintiff's claims against a defendant, following the plaintiff's voluntarily dismissal *with prejudice* of her remaining claims against that same defendant. [Defendant] has not cited, nor has our independent research discovered, any Ohio cases extending *Pattison* beyond its facts.

> Here, [plaintiff] has dismissed her remaining claims against [defendant] with prejudice. The Ohio Supreme Court has held that a dismissal with prejudice "operates as an adjudication on the merits and is an appealable order under R.C. 2305.03." *See Tower City Properties v. Cuyahoga Cty. Bd. of Revision*, 49 Ohio St.3d 67, 69, 551 N.E.2d 122 (1990) (quoting the staff note to Civ.R. 41); *see also Chadwick v. Barba Lou, Inc.*, 69 Ohio St.2d 222, 226, 431 N.E.2d 660 (1982); *compare Hensley v. Henry*, 61 Ohio St.2d 277, 400 N.E.2d 1352, syllabus (1980) ("Unless Plaintiff's Civ.R. 41(A)(1)(a) notice of dismissal operates as an adjudication upon the merits under Civ.R. 41(A)(1), it is not a final judgment, order, or proceeding.").

> * * *

> By allowing [plaintiff] to appeal, following the voluntary dismissal of her remaining claims with prejudice, this court is actually furthering the goal of judicial economy by permitting [plaintiff] to forego litigation on the dismissed claims while accepting the risk that if her appeal on the contract claims is unsuccessful the litigation will end.

*Groen* at ¶ 13-16.

{¶ 23} As did the First District in *Groen*, we conclude that the concerns regarding piecemeal litigation discussed in *Pattison* are not present in the case of a dismissal with prejudice of some, but not all, claims against a defendant. Even if a partial dismissal with prejudice is followed by an appeal that results in a reversal with respect to other claims and remanded to the trial court, the dismissed claims have been adjudicated and there is no risk of refiling. For this reason we find that both partial dismissals with prejudice filed by appellants in our case are not affected by *Pattison* and will be given full effect. The 2012 partial dismissal terminated the action and formed the basis for a final appealable order, and the 2010 dismissal was fully effective to terminate some of appellants' claims with prejudice.

{¶ 24} With respect to the initial 2010 partial dismissal, the *timing* of the dismissal forms another basis, aside from the with/without prejudice dichotomy, upon which to distinguish the procedural posture of this case from that found in *Pattison*. The partial dismissal in *Pattison* came at the close of the case as the plaintiff attempted to terminate

proceedings in the trial court in preparation for an appeal. In the present case, the 2010 dismissal represented an effort by the parties to narrow the focus of the case for further litigation, not prematurely terminate it. The facts of the case before us therefore underline the reality that nullifying all interlocutory partial dismissals with prejudice under Civ.R. 41(A)(1) would in fact *increase* the risk of confused and duplicate litigation, and defeat the very notions of judicial economy and finality that lie at the heart of *Pattison*. Unlike the concerns discussed in *Pattison*, the facts before us militate for the restrained application of the "all claims" language of Civ.R. 41(A)(1) when considering partial dismissals with prejudice during the course of protracted litigation. Based upon the foregoing, we conclude that the agreed dismissal of Robert's claims was effective, and the trial court did not err in denying appellants' motion to acknowledge the original complaint as intact.

{¶ 25} Having concluded that the 2010 dismissal was effective, we now turn to the question of whether the trial court erred in denying the parties' subsequent effort to revive the claims by agreement. Appellants assert that, pursuant to Civ.R. 15(A), they could, to the extent the 2010 partial dismissal was effective, amend the complaint back to its original state and reinstate those claims that were dismissed with prejudice. They accordingly filed on July 13, 2012 an amended complaint incorporating the previously dismissed claims and the following captioned notation: "With the written consent, provided hereby, of the lone defendant, Tamara Verma, and pursuant to Civ.R. 15(A), Plaintiffs' complaint is hereby amended to its original form as filed February 26, 2010. To the extent the Court believes that leave of court is required to effect such amendment, the parties hereby request such leave."

{¶ 26} Civ.R. 15(A) limits the manner in which a plaintiff may amend a complaint past the initial phase of an action: "A party may amend its pleading once as a matter of course within 28 days after * * * service of a responsive pleading. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."[2]

{¶ 27} The trial court concluded that, based on various filings by Smith Rolfes in opposition to reinstatement of the dismissed claims, the amended complaint was, in fact, not fully consented to since at least one set of counsel for Verma opposed such

---

[2] This is the current version of the rule as amended in 2013. The version in effect at the time this matter was before the trial court differs only in lacking gender-neutral language.

reinstatement. As such, the court deemed that leave of court was required to amend. Appellants argue that, through a Civ.R. 15(A) amendment, they are free to agree with the nominal defendant to reinstate claims previously dismissed with prejudice. They point out that the rule provides for *either* consent of opposing parties or leave of court, so that one or the other, but not both, is needed. Based on this, appellants argue the trial court in fact had no discretion to deny the filing of an amended complaint as long as Verma consented. We agree.

{¶ 28} We do not underestimate the difficulties presented to the trial court by the presence of competing sets of counsel purporting to represent Verma in this matter. As the trial court noted, Verma's counsel appointed by Hartford, Smith Rolfes, opposed some *Pattison*-based filings approved by their co-counsel, attorney Mann. Nonetheless, Smith Rolfes did not file any opposition specific to the amended complaint that was submitted by appellants with the express consent of Verma through her other counsel. Under these conditions, we find there was consent for the amended complaint, and no leave was required. Civ.R. 15(A) clearly expresses that consent of the opposing *party* obviates the need for leave of court before amending a complaint.

{¶ 29} Appellants, under the third assignment of error, challenge the trial court's decision to deny Verma's August 31, 2011 motion to vacate a voluntary dismissal. Based upon our disposition of assignments of error two and six, we find this issue to be moot.

{¶ 30} In accordance with the foregoing, we find that the trial court did not err in declining to apply *Pattison* to find that the dismissed claims remained active. The court did err, however, in finding that it could deny leave to amend the complaint pursuant to Civ.R. 15(A). Appellants' first, fourth, and fifth assignments of error are overruled, appellants' second and sixth assignments of error are overruled in part and sustained in part, and appellants' third assignment of error is rendered moot. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this decision.

*Judgment affirmed in part and reversed in part;*
*cause remanded.*

DORRIAN, J., concurs in judgment only.

DORRIAN, J., concurring in judgment only.

{¶ 31} I concur in judgment only with Judge Brown.

{¶ 32} On the issue of whether we have a final, appealable order, WITH THE 2012 VOLUNTARY DISMISSAL, I find *Tower City Properties v. Cuyahoga Cty. Bd. of Revision*, 49 Ohio St.3d 67 (1990), to be dispositive. In *Tower City*, the Supreme Court of Ohio referred to the Staff Notes to Civ.R. 41 when it was adopted in 1970[3]: " '[Civ.R. 41] provides that voluntary or involuntary dismissal, depending upon the particular circumstances, may be with or without prejudice. *If the dismissal is with prejudice, the dismissed action in effect has been adjudicated upon the merits,* and an action based on or including the same claim may not be retried.' " (Emphasis sic.) *Id.* at 69. The Supreme Court then concluded: "Under this reasoning, a dismissal with prejudice is an adjudication on the merits and appealable under R.C. 2505.03. Thus, the court of appeals had jurisdiction in the instant case." *Id.* I also find persuasive *Groen v. Children's Hosp. Med. Ctr.*, 1st Dist. No. C-100835, 2012-Ohio-2815. The facts here are distinct from the facts in *Pattison v. W.W. Grainger, Inc.*, 120 Ohio St.3d 142, 2008-Ohio-5276, as the 2012 voluntary dismissal was "with prejudice." Therefore, I believe we have a final, appealable order.

{¶ 33} On the issue of whether the trial court erred by not vacating, reconsidering or determining to be a nullity the 2010 voluntary dismissal, I believe *Pattison* and Civ.R. 54(B) are instructive and compel us to determine that the 2010 voluntary dismissal was a nullity or could have been reconsidered.

{¶ 34} I begin by noting that the "with prejudice" language in the 2010 voluntary dismissal is troublesome. The Supreme Court of Ohio in *Horne v. Woolever*, 170 Ohio St. 178, 182 (1959), stated that "[t]he term 'with prejudice' is the converse of 'without prejudice'; and, where a party to an action consents to a judgment of dismissal 'with prejudice,' such judgment concludes the rights which he did assert or should have asserted therein to the same extent as they would have been concluded if the action had been prosecuted to a final adjudication against those rights." However, several factors

---

[3] Civ.R. 41(A) has been amended since 1970; however, the option to dismiss "with" prejudice or "without" prejudice remains in effect now.

point to the opposite conclusion with regard to the 2010 voluntary dismissal notwithstanding the "with prejudice" language. First, the 2010 voluntary dismissal was stipulated to by the parties, but it was never signed by the judge[4] and, consequently, was not an order of the court. Second, the dismissal did not contain an express determination that there is no just reason for delay. Third, claims against Verma remained pending. Indeed, Verma's second counsel, Smith Rolfes, noted the same factors in the memorandum contra to appellants' first motion to vacate voluntary dismissal.[5]

{¶ 35} Although the facts in *Pattison* involved a dismissal without prejudice, the case does state "Civ.R. 41(A) allows for a dismissal of *all* claims against particular defendants." (Emphasis added.) *Pattison* at ¶ 20. Consistent with this, appellants' argument that the 2010 voluntary dismissal was a nullity has merit. Considered as such, the trial court erred in not recognizing the same.

{¶ 36} There exists another reason to consider the 2010 voluntary dismissal a nullity. This court has noted that case law supports the trial court's determination that a motion to voluntarily dismiss less than all claims in a multi-count complaint is properly treated as an amendment under Civ.R. 15(A). *Lewis v. J.E. Wiggins & Co.*, 10th Dist. No. 04AP-469, 2004-Ohio-6724, referencing *Ebner Furnaces, Inc. v. Lee Wilson, Inc.*, 9th Dist. No. 2586-M (Sept. 25, 1996) ("[a]mendment to a complaint pursuant to Civ.R. 15(A) is the proper procedure to dismiss claims in a multicount complaint"); *Woessner v. Jacobs*, 3d Dist. No. 1-98-49 (Jan. 20, 1999) (amendment of complaint under Civ.R. 15(A), rather than voluntary dismissal under Civ.R. 41(A) is proper procedure to dismiss a single claim of a multi-count complaint; thus, where appellants sought to remove from consideration a malpractice claim, "[t]his withdrawal of issues was done by stipulation and agreement of the adverse party as if by amendment").

{¶ 37} I note that a number of federal courts have also adopted this view. *See Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (1988) ("Federal Rule of Civil

---

[4] I note the 2012 voluntary dismissal was signed by the judge.

[5] *See* Verma's September 14, 2011 Memorandum in Opposition to Plaintiff's Motion to Vacate Voluntary Dismissal at 2-3 ("A stipulation of dismissal that is only signed by the parties, and is not signed by the court as an order or entry * * * is not a final judgment, order or proceeding" from which a party can seek Civ.R 60(B) relief and "nowhere in the record is an order or entry by the court containing the appropriate Civil Rule 54(B) language to make the stipulation of dismissal a final, appealable order. Further, * * * plaintiffs, who acknowledge Mrs. Luehrman's remaining claims against Ms. Verma are still pending, and the litigation in this matter has not concluded. * * * As such, the stipulation of dismissal does not constitute a final, appealable order * * * [and] plaintiffs cannot move under Civil Rule 60(B) to vacate it.")

Procedure 15(a) is the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants' "), quoting 5 J. Moore, J. Lucas & J. Wicker, *Moore's Federal Practice* ¶ 41.06-1, at 41-83 to 84 (1987); *Jones v. Scientific Colors, Inc.*, N.D.Ill. No. 99 C 1959 (July 3, 2001) ("[t]he parties rightly recognize that plaintiffs' proposed withdrawal of a single claim, or a part thereof, but not others, is properly treated as an amendment under Fed.R.Civ.P. 15(a), rather than a voluntary dismissal under Fed.R.Civ.P. 41(a)(2)"); *Boyce v. Augusta-Richmond Cty.*, 111 F.Supp.2d 1363, 1374 (2000) ("[b]ecause the Plaintiffs do not seek to dismiss the entire action, but only request dismissal of four claims from their complaint, the Court construes the motion as a Rule 15(a) motion to amend"). *Pattison* noted the same at ¶ 19. Construing the 2010 voluntary dismissal as a motion to amend, the lack of judicial order granting the same would likewise compel the conclusion that the dismissal was a nullity.

{¶ 38} Finally, even if the 2010 voluntary dismissal were not considered a nullity, it could be considered an interlocutory order as it did not contain an express determination that there is no just reason for delay and some of appellants' claims remained pending. Pursuant to Civ.R. 54(B), "any order or other form of decision, however designated, * * * is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of the parties." Considered as an interlocutory order, I believe the trial court abused its discretion in denying the numerous motions filed by appellants, which in effect moved the court to reconsider the dismissal. Appellants and Verma agreed from the start that the dismissed claims could be refiled if new evidence came to light. New evidence did come to light, and together the parties moved the court to reconsider the dismissal. As such, the trial court abused its discretion.

{¶ 39} Having found that it was error to deny appellants' motions, I would find the question of whether the trial court erred in denying the motion to amend to be moot.

{¶ 40} I would, therefore, reverse the trial court.

SADLER, P.J., dissents.

SADLER, P.J., dissenting.

{¶ 41} Because I believe *Pattison v. W.W. Grainger, Inc.*, 120 Ohio St.3d 142, 2008-Ohio-5276, requires dismissal of this appeal, I respectfully dissent.

{¶ 42} As noted in the lead decision's factual summary, the November 19, 2012 partial dismissal from which this appeal was taken dismissed Rebecca's claims for her own injuries and Robert's claims arising therefrom. In *Pattison*, the Supreme Court of Ohio rejected a partial dismissal intended to dispose of the case and held that when a plaintiff has asserted multiple claims against one defendant and some of those claims have been ruled upon but not converted into a final order through Civ.R. 54(B), the plaintiff may not create a final order by voluntarily dismissing, pursuant to Civ.R. 41(A), the remaining claims against the same defendant.

{¶ 43} Both the lead and concurring decisions conclude *Pattison* is not applicable because the dismissal here was with prejudice, as opposed to without prejudice, as was the circumstance in *Pattison*. Though *Pattison* involves a different procedural history, I believe such a distinction fails to consider the basis upon which *Pattison* relied to reject the plaintiff's dismissal in that case, specifically the text of Civ.R. 41(A). As stated in *Pattison*, "[t]he language used in * * * Civ.R. 41(A)(1) expressly states that the rule can be used to dismiss 'all claims' against a single defendant," and "[i]t does not allow for the dismissal of a *portion* of the claims against a certain defendant. Civ.R. 41(A) applies to discrete parties, not discrete causes of action." (Emphasis sic.) *Id* at ¶ 18. While the lead decision suggests the goal in *Pattison* was to avoid piecemeal litigation, in my view *Pattison*'s concern of piecemeal litigation was secondary as the primary basis for the court's ruling was the express text of Civ.R. 41(A). *See also Baruk v. Heritage Club Homeowners' Assn.*, 12th Dist. No. CA2013-09-086, 2014-Ohio-1585, ¶ 27, quoting *GLA Water Mgt. v. Univ. of Toledo*, 196 Ohio App.3d 290, 2011-Ohio-5034, ¶ 17 (6th Dist.), quoting *Pattison* at ¶ 18 ("in light of the Ohio Supreme Court's decision in *Pattison*, it is now well-established that Civ.R. 41(A) 'does not allow for the dismissal of a portion of the claims against a certain defendant' ").

{¶ 44} Further, I am not persuaded by the reliance on *Groen v. Children's Hosp. Med. Ctr.*, 1st Dist. No. C-100835, 2012-Ohio-2815. In *Groen*, the court stated the

concerns of *Pattison* were not present because the plaintiff in *Groen* dismissed the remaining claims with prejudice after the trial court granted summary judgment on the plaintiff's other claims. While a dismissal with prejudice may avoid the concern of piecemeal litigation, neither *Groen* nor the lead and concurring decisions discuss how such a dismissal makes the express language of Civ.R. 41(A) inapplicable. The lead decision states, "the facts before us militate for the restrained application of the 'all claims' language of Civ.R. 41(A)(1) when considering partial dismissals with prejudice during the courts of protracted litigation"; however, I am unaware of the authority providing that the facts of any given case dictate whether the clear and unambiguous text of a rule is given "restrained" or "unrestrained" application. (Majority, ¶ 24.) This is particularly so in light of *Pattison*'s direction that Civ.R. 41(A)(1) is to be read literally. *Id.* at ¶ 19-20.

{¶ 45} While I fully understand that such a result here may be wholly unsatisfactory, if the Supreme Court of Ohio intended to limit its discussion of Civ.R. 41(A) to only dismissals without prejudice it clearly could have done so. Based on the foregoing, I believe we have no choice in this case but to determine that we are not presented with a final, appealable order and, therefore, must dismiss this appeal for lack of a final, appealable order.

_____