COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| KYLE THOMPSON, ET AL., | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiffs - Appellants/ | : | Hon. Craig R. Baldwin, J. |
| Cross-Appellees | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| THOM L. COOPER, ET AL., | : | Case No. 16CA20 |
| | : | |
| Defendants - Appellees/ | : | |
| Cross-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Knox County Court of Common Pleas, Case No. 16OT04-0096

JUDGMENT:      Reversed and Remanded in part, Affirmed in part

DATE OF JUDGMENT:      June 21, 2017

APPEARANCES:

For Plaintiffs-Appellants/
Cross-Appellees

CRAIG T. MATTHEWS
320 Regency Ridge Drive
Centerville, Ohio 45459

For Defendants-Appellees/
Cross-Appellants

COLLEEN M. O'NEIL
ALEXANDER B. REICH
Calfee, Halter & Griswold LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114

*Baldwin, J.*

{¶1} Appellants Kyle Thompson and Janetta Reece appeal a judgment of the Knox County Common Pleas Court entering summary judgment in favor of appellees Thom L. Cooper, Co., a Legal Professional Association dba Cooper, Adel & Associates LPA (hereinafter "Cooper Adel"), Thomas Loyal Cooper and Mitchell Jordan Adel. Appellees have filed a cross-appeal to the court's denial of their request for sanctions.

STATEMENT OF THE FACTS AND CASE

{¶2} On November 4, 2014, appellants filed an action in the Butler Common Pleas Court against Cooper Adel, asserting three causes of action: wrongful discharge in violation of public policy, sexual harassment/hostile work environment (asserted by appellant Reece only), and the tort of sexual harassment (asserted by appellant Reece only).

{¶3} Appellant Reece filed a complaint against Cooper Adel and against appellee Cooper and appellee Adel individually in the Butler County Common Pleas Court on August 15, 2015. She asserted three causes of action: sexual harassment/hostile work environment, the tort of sexual harassment, and aiding and abetting sexual harassment (against Thom Cooper only). She voluntarily dismissed this complaint without prejudice on September 23, 2015.

{¶4} On December 16, 2015, the Butler County Common Pleas Court granted partial summary judgment to appellee Cooper Adel in the 2014 action on the claim of wrongful discharge. The ruling did not include Civ. R. 54(B) language. The remaining claims were to proceed to trial. However, on December 17, 2015, appellants filed a notice

of dismissal which stated, "PLEASE TAKE NOTICE, that pursuant to Rule 41(A)(1)(a) of the Ohio Rules of Civil Procedure, Plaintiffs dismiss their claims without prejudice."

{¶5} Appellants filed the instant action on April 11, 2016. The first cause of action asserted a claim by both appellants against appellee Cooper Adel only, for wrongful discharge in violation of public policy. The second cause of action asserted a claim by both appellants against all appellees for retaliation in violation of R.C. 3721.24. The third cause of action asserted a claim by appellant Reece against Cooper Adel and Mitchell Adel for sexual harassment/hostile work environment. The final cause of action asserted a claim by appellant Reece against Cooper Adel for the tort of sexual harassment.

{¶6} The trial court granted summary judgment dismissing the complaint. The court found that the causes of action for sexual harassment/hostile work environment were barred by res judicata pursuant to the two-dismissal rule found in Civ. R. 41(A). The court further found that appellants' claim for wrongful discharge was barred by res judicata, as the interlocutory summary judgment entered by the Butler County Common Pleas Court became a final, appealable order upon the dismissal of the sexual harassment claims in the 2014 case. The court found that the retaliation claim arose out of the same subject matter or occurrence as the wrongful discharge action, and thus was barred by res judicata based on the final judgment entered on the wrongful discharge action in Butler County.

{¶7} Appellants assign a single error to this Court on appeal:

{¶8} "THE TRIAL COURT ERRED BY GRANTING THE APPELLEES' MOTION FOR SUMMARY JUDGMENT AS TO THE APPELLANTS' WRONGFUL DISCHARGE AND RETALIATION CLAIMS."

{¶9} Appellees assign a single error on cross-appeal:

{¶10} "THE TRIAL COURT ERRED IN DENYING APPELLEES'/CROSS-APPELLANTS' MOTION FOR SANCTIONS."

## Direct Appeal

{¶11} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). As such, we must refer to Civ. R. 56(C) which provides in pertinent part:

Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶12} In the instant case, appellants do not argue that there are facts in dispute. Rather, appellants argue that the court erred as a matter of law in entering summary judgment, based on the undisputed facts.

{¶13} The question raised by the instant appeal is whether the Civ. R. 41(A) dismissal filed in the 2014 action in Butler County, which pursuant to the rule acted as a dismissal on the merits of appellant Reece's sexual harassment claims, caused the interlocutory summary judgment on the wrongful discharge action to become a final, appealable order. Civ. R. 41(A)(1) provides:

(A) **Voluntary dismissal: effect thereof**

(1) *By plaintiff; by stipulation.* Subject to the provisions of Civ. R. 23(E), Civ. R. 23.1, and Civ. R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:

(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;

(b) filing a stipulation of dismissal signed by all parties who have appeared in the action.

Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.

{¶14} Appellants rely on the Ohio Supreme Court's decision in *Pattison v. W.W. Grainger, Inc.,* 120 Ohio St. 3d 145, 2008-Ohio-5276, 897 N.E.2d 126. In that case, the court held that when a plaintiff has asserted multiple claims against one defendant, and some of those claims have been ruled upon but not converted into a final order through

Civ.R. 54(B), the plaintiff may not create a final order by voluntarily dismissing the remaining claims against that defendant pursuant to Civ. R. 41(A). *Id.* at ¶1. Appellants thus argue that their dismissal of the sexual harassment claims in the 2014 action did not cause the interlocutory summary judgment on their wrongful discharge claim to become a final, appealable order, as they could not create a final order by voluntarily dismissing their remaining claims.

{¶15} However, appellees point this Court to *Groen v. Children's Hospital Medical Center,* 972 N.E.2d 648, 2012-Ohio-2815 (1st Dist. Hamilton) and *Luehrman v. Verma,* 10th Dist. Franklin No. 12AP-1024, 2014-Ohio-3335, in which the courts distinguished *Pattison* on the basis that the dismissal of the remaining claims was with prejudice, rather than without prejudice. The *Groen* court concluded that the trial court's partial summary judgment became a final, appealable order when the plaintiff dismissed her remaining claims with prejudice. 2012-Ohio-2815, ¶17. The Tenth District agreed with the *Groen* decision in *Luehrman,* finding that a partial summary judgment was rendered final and appealable by a partial dismissal with prejudice of the remaining claims in the action. 2014-Ohio-3335, ¶23. Appellees argue that because the dismissal of the sexual harassment claims in the 2014 action was with prejudice by operation of the two-dismissal rule, the summary judgment entered in that case on the wrongful termination case became a final, appealable order.

{¶16} We find *Pattison, Groen, and Luehrman* distinguishable from the instant action. Those cases concerned attempts by the plaintiff to create a final, appealable order from an interlocutory summary judgment by voluntarily dismissing the *remaining* causes of action against a particular defendant. However, in the instant case, the 2014 dismissal

did not purport to dismiss only the causes of action which remained after the partial summary judgment was entered on the wrongful termination claim. The notice of dismissal stated, "PLEASE TAKE NOTICE, that pursuant to Rule 41(A)(1)(a) of the Ohio Rules of Civil Procedure, Plaintiffs dismiss their claims without prejudice." Not only does the language fail to limit the dismissal to the sexual harassment claims, but the use of the plural "plaintiffs" and "their" suggests that they intended to voluntarily dismiss the wrongful discharge claim, as the remaining claims were actions brought solely by appellant Reece. Had the intention been to only dismiss the claims remaining after the summary judgment, the notice should have stated that Plaintiff *Reece* dismisses *her* claims. Thus, the issue before this Court is whether the notice of voluntary dismissal as to the wrongful discharge claim, which undisputedly is the first dismissal filed of that particular claim, dissolved the summary judgment entered on that claim or rendered it a final, appealable order.

{¶17} In *Bradley v. Dollar General,* 975 N.E.2d 515, 2012-Ohio-3700 (5th Dist. Fairfield), the trial court entered partial summary judgment which did not contain Civ. R. 54(B) language stating that there was no just cause for delay. The plaintiffs thereafter filed a notice of voluntary dismissal of all claims without prejudice pursuant to Civ. R. 41(A)(1). We concluded that the voluntary dismissal of all defendants and all claims prevented the summary judgment decision from becoming a final adjudication of the claims with which it was concerned. *Id.* at ¶42. Our decision was based on the rationale of *Denham v. New Carlisle,* 86 Ohio St. 3d 594, 597, 716 N.E.2d 184 (1999), in which the Ohio Supreme Court held that a Civ. R. 41 dismissal renders the parties as if no suit had ever been filed as to the dismissed parties only. We agreed with Second District's interpretation of *Denham,* and further noted that other appellate districts had similarly held

that the voluntary dismissal of all defendants renders a prior interlocutory summary judgment ruling a nullity:

The Second District Court of Appeals applied *Denham* in *Fairchilds v. Miami Valley Hospital, Inc.,* 160 Ohio App.3d 363, 2005-Ohio-1712, 827 N.E.2d 381 (2nd Dist.). In *Fairchilds,* the plaintiffs brought a cause of action against two defendants. The trial court granted summary judgment as to the two defendants, leaving only a negligence claim pending. The plaintiffs voluntarily dismissed their entire case without prejudice as to all party defendants. The plaintiffs refiled their complaint against the two defendants. The defendants moved for summary judgment arguing res judicata barred the claims in the refiled complaint. The trial court agreed and granted summary judgment in favor of the defendants. *Id.* at ¶ 10–20.

The Second District reversed the decision of the trial court. It held that under the rationale of *Denham,* a voluntary dismissal of all defendants renders a prior interlocutory summary judgment ruling a nullity. *Id.* at ¶ 44. The matter was appealed to the Ohio Supreme Court. On July 5, 2006, the Ohio Supreme Court dismissed the appeal, sua sponte, as having been improvidently accepted. *Fairchilds v. Miami Valley Hospital, Inc.,* 109 Ohio St.3d 1229, 2006-Ohio-3055, 849 N.E.2d 292.

The Eighth Appellate District, Eleventh, Second, Sixth, Ninth, and Tenth Districts have concluded that a voluntary dismissal of all defendants renders a prior interlocutory summary judgment ruling a nullity. *Toledo Heart Surgeons v. The Toledo Hosp.,* 6th Dist. No. L–02–1059, 2002-Ohio-

3577, 2002 WL 1561105; *Ohio Farmers Ins. Co. v. Modine Mfg.,* 9th Dist. Nos. 3114–M and 3116–M, 2001 WL 1011959 (Sept. 5, 2001); *State ex rel. Mogavero v. Belskis,* 10th Dist. No. 02AP164, 2002-Ohio-6497, 2002 WL 31667241; *Fox v. Kraws,* 11th Dist. No.2009–L–157, 2009-Ohio-6860, 2009 WL 5064149; *Klosterman v. Turnkey–Ohio, LLC,* 10th Dist. No. 10AP–162, 2010-Ohio-3620, 2010 WL 3042024.

**{¶18}** *Bradley, supra,* ¶34-36.

**{¶19}** Based on our holding in *Bradley,* the notice of dismissal of all claims against the sole defendant in the 2014 action rendered the interlocutory summary judgment entered against appellees on the wrongful discharge claim a nullity. The notice of dismissal acted as an adjudication on the merits as to the sexual harassment claims which had previously been dismissed in the 2015 action, by operation of Civ. R. 41(A)(1)(a). However, appellees were not barred from refiling the wrongful discharge claim in the instant action.

**{¶20}** Further, the trial court's entry of summary judgment on the retaliation claim was based on its conclusion that the wrongful discharge claim was barred by res judicata. Because we have found that the court erred in dismissing the wrongful discharge claim, the court erred in dismissing the retaliation claim.

**{¶21}** The assignment of error is sustained.

## Cross-Appeal

**{¶22}** We next address appellees' assignment of error on cross-appeal. We note at the outset that the trial court did not directly overrule appellees' request for sanctions in the judgment dismissing the case on summary judgment. However, a trial court's

failure to rule on a motion is normally deemed to be a denial of that motion for purposes of appellate review. *Hollenbaugh v. Hollenbaugh*, 5th Dist. Delaware No. 13CAF070056, 2014-Ohio-1124, ¶ 36, citing *Capital One Bank (USA), N.A. v. Rodgers*, 5th Dist. Muskingum No. CT2009–0049, 2010–Ohio–4421, ¶ 13.

{¶23} In their motion for summary judgment, appellees sought sanctions pursuant to Civ. R. 11 and R.C.2323.51. They argued that appellants' conduct was frivolous in filing a complaint that was clearly barred by res judicata, and further that appellants abused the "already plaintiff-friendly" procedures set forth in Civ. R. 41 by engaging in forum shopping after receiving an adverse ruling in Butler County.

{¶24} In response, counsel for appellants filed an affidavit stating that he signed the complaint in this lawsuit, and believed there were good grounds for the complaint. Affidavit, Craig T. Matthews, ¶7.

{¶25} The court held a hearing on the summary judgment motion. During the hearing, only the summary judgment was addressed, and appellees did not address their motion for sanctions. At the end of the hearing, the trial judge announced his ruling from the bench, and asked counsel for appellees to prepare the entry in accordance with his oral ruling. Tr. 66-67. The entry did not address the issue of sanctions.

{¶26} Civ. R. 11 states:

> Every pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address, attorney registration number, telephone number, facsimile number, if any, and business e-mail address, if any, shall be stated. A party who is not represented by an attorney shall

sign the pleading, motion, or other document and state the party's address. A party who is not represented by an attorney may further state a facsimile number or e-mail address for service by electronic means under Civ.R. 5(B)(2)(f). Except when otherwise specifically provided by these rules, pleadings, as defined by Civ.R. 7(A), need not be verified or accompanied by affidavit. The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. Similar action may be taken if scandalous or indecent matter is inserted.

**{¶27}** R.C. 2323.51 controls the imposition of attorney fees for frivolous conduct. R.C. 2323.51(B)(1) provides in pertinent part:

> [A]ny party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal.

The court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct.

**{¶28}** Frivolous conduct is defined in R.C. 2323.51(A)(2)

(2) "Frivolous conduct" means either of the following:

(a)　　Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies any of the following:

(i)　　It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii)　　It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii)　　The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv)　　The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

**{¶29}** The decision to award sanctions pursuant to Civ. R. 11 or R.C. 2323.51 is within the discretion of the trial court and will not be reversed absent an abuse of discretion. *New Dimensions, Inc. v. Bixler,* 5th Dist. Stark No. 2001CA00238, 2002 WL 226839 (February 11, 2002). In order to find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶30}** As discussed above, the trial court erred in determining that the wrongful discharge and retaliation claims were barred by res judicata, although the sexual harassment claims had twice been dismissed and therefore could not be refiled pursuant to Civ. R. 41. However, the issue of sanctions was not raised by appellees at the hearing, nor addressed in the judgment entry prepared by appellees. In granting the summary judgment, it appears the trial court did not find the kind of frivolous conduct addressed by Civ. R. 11 and R.C. 2323.51:

> This is a fascinating case. Fascinating case. After having reviewed the evidence, I agree with the defendants in this case. Claims merged. They were appealable at this time and it constitutes under Rule 41 double dismissal.
>
> I will also say that this case raises another issue. It raises the issues of forum shopping. Because the plaintiffs did not get the decision they liked on the wrongful discharge, summary judgment, which was honestly discussed here today, but they thought they could do better in a different court.

To me, while it is a good tactic to take, is inappropriate. And therefore, I grant the defendants' motion to dismiss.

Now, I have placed on the record in this case my reasoning. All right. That constitutes a final appealable order as far as I am concerned and I think this should be appealed. I will tell you that right now. I think there is enough here that this should be appealed…

This is a very complex issue in my view and both sides have things in their favor in this case as far as I see, but my view is as I stated.

**{¶31}** Tr. 66-67.

**{¶32}** Based on the state of the record, we cannot find that the court abused its discretion in failing to award sanctions. The assignment of error on cross-appeal is overruled.

{¶33} The judgment of the Knox County Common Pleas Court dismissing appellants' claims for wrongful discharge and retaliation is reversed. The judgment dismissing appellants' claims for sexual harassment/hostile work environment and for the tort of sexual harassment is affirmed. This case is remanded to that court for further proceedings according to law. Costs are assessed to appellees.

By: Baldwin, J.

Delaney, P.J. and

Earle Wise, J. concur.